# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| ADAM PATRICK GREGOIRE<br>    La. DOC #435628<br>VS.<br><br>JIMMY SHIVERS, WARDEN, ET AL | CIVIL ACTION NO. 08-1907<br><br>SECTION P<br>JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Adam Patrick Gregoire, proceeding *in forma pauperis*, filed the instant civil rights complaint on December 2, 2008. When he filed his complaint plaintiff was incarcerated at the Madison Parish Corrections Center, Tallulah, Louisiana. He claimed that he was the victim of excessive force. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

On January 22, 2009, the undersigned completed an initial review and directed plaintiff to amend his complaint on or before February 24, 2009. [rec. doc. 6] On February 26, 2009 plaintiff requested additional time within which to respond to the Memorandum Order. [rec. doc. 7] On March 4, 2009, plaintiff's motion was granted and he was given until March 23, 2009, to respond to the memorandum order. [rec. doc. 8] Plaintiff has not complied with that order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Petitioner has not complied with the order of January 22, 2009; he requested additional time within which to comply, and the time for responding was extended to March 23, 2009. Plaintiff has not complied or requested any additional time to do so.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE